Ingraham, J.
The provisions of the Consolidation Act of 1882, section 863, under which this action is brought, provides, that any tax duly imposed for personal property upon any person in the city and county of New York, which *551 shall remain unpaid and in arrears on the 15th day of January succeeding the year in which it shall have been imposed, may be recovered with interest and costs by the receiver of taxes in an action in any court of record in this state.
By this section the only fact required to sustain the action, is that the tax should be duly imposed for personal property upon a person in the city and county of New York, and that such tax shall remain unpaid and in arrears on the fifteenth day of January succeeding the year in which it shall have been imposed.
No demand is made necessary by the act before the action is brought.
Section If of title 4 of part 1 of the Revised Statutes, (vol. 2, [fth ed.,] p. 1036), that provides for a demand, only applies to proceedings authorized by that title. Before proceedings could be taken under that title, a demand would undoubtedly be necessary, but the legislature having given a right of action where such tax has been duly imposed for personal property and remains unpaid without requiring that any demand should be made upon the person liable to pay the taxes is not controlled by the provision in the prior act, requiring a demand to be made before proceedings under such prior act could be instituted. I think, therefore, no demand was necessary.
The complaint alleges that the defendant was a domestic corporation, having its principal office or place of business for the transaction of its financial concerns in the city of New York, and that for the year named the officers designated by law dilly assessed for the purpose of taxation upon its capital stock the sum of $20,000, and that such assessment was duly made in the city and county of New York.
This allegation being admitted by the demurrer, the commissioners had jurisdiction of the person of the defendant and of the subject matter for the purpose of an assessment of property for taxation, and I think their determination can only be reviewed by certiorari. Union Steamboat Co. v. Buffalo, 82 N. Y., 351.
If for any reason not appearing on the face of the complaint the commissioners had not jurisdiction, it is an affirmative defense.
I think the complaint sufficient, and the demurrer must be overruled and judgment ordered for the plaintiff, with costs, and with leave to defendant to answer within twenty days on payment of costs.